FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

OCT 2 6 2012

JAMES N HATTEN, Clerk

By: _____ Deputy Clerk

| | | |
|---|---|---|
| **MARK RICE d/b/a** | ) | |
| **GAMES TO REMEMBER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **FILE NO.** |
| | ) | |
| | ) | 1 12-cv-3750 |
| | ) | |
| | ) | |
| **DESIGNED 2B SWEET INC.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT FOR INJUNCTION AND FOR AN ACCOUNTING FOR PROFITS

Plaintiff Mark Rice d/b/a Games To Remember files this Complaint for Injunction and for an Accounting for Profits against Defendant Designed 2B Sweets Inc., (collectively, the "Defendant"), showing this honorable court as follows:

## Introduction

### 1.

This is an action for: (i) Federal trademark infringement arising under

the Lanham Act, 15 U.S.C. 1114(1); (ii) Federal unfair competition arising

under the Lanham Act, 15 U.S.C. 1125(a); (iii) unfair competition arising

under Georgia common law; and (iv) deceptive and unfair trade practices in

violation of O.C.G.A. 10-1-370 et seq.

## Parties, Jurisdiction, and Venue

### 2.

Plaintiff Mark Rice d/b/a Games To Remember is an individual

citizen and resident of the State of Georgia.

### 3.

Designed 2B Sweet Inc. is a California corporation that may be

served with summons and process through its registered agent, Nicole

Raleich, 883 Magnolia Ave., Suite #21, Pasadena, California 91106.

4.

This Court has subject matter jurisdiction over all causes of

action set forth herein pursuant to 28 U.S.C. 1331, 1338(b), and pursuant to

the supplemental jurisdiction of this Court under 28 U.S.C. 1367, because

this action arises under the Lanham Act, Title 15, Chapter 22, United States

Code, including 15 U.S.C. 1114 and 1125(a) et seq.

5.

This Court has personal jurisdiction over Defendant because: (i)

Defendant has regular and systematic business contacts with the State of

Georgia and within this judicial district and division; (ii) Defendant

purposely, regularly, and continuously conducts business in the State of

Georgia and within this judicial district and division; (iii) Defendant

purposefully direct their activities at residents of the State of Georgia; (iv)

the causes of action set forth herein arise out of or relate to Defendants'

activities in the State of Georgia; and (v) the exercise of jurisdiction over

Defendant will not offend the traditional notions of fair play and substantial

justice.

6.

Venue is proper in this judicial district and division pursuant to 28 U.S.C. 1331, 1338(a), 1391(b) and (c), and 1400(b).

## **Factual Allegations Common To All Counts**

7.

Plaintiff Mark Rice d/b/a Games To Remember manufactures and sells games for children and adults. Since 1998, Rice has marketed and sold his "FUNKY MONKEYS" board game for children ages 4 to 10 years old.

8.

A true and correct copy of an image showing Rice's Funky Monkeys board game is attached hereto as Exhibit "A".

9.

Rice's Funky Monkeys products have been sold nationwide for more than a decade at major retailers, including Sears, FAO Schwartz, and others among the specialty stores.

10.

Rice's Funky Monkeys products are also sold through Rice's website games2remember.com and zoomaniagames.com.

11.

Rice is the owner of the mark in U.S. Registration No. 2,534,485 -
i.e., the FUNKY MONKEYS mark. A true and correct copy of Rice's
Registration Certificate is attached hereto as Exhibit "B".

12.

The FUNKY MONKEYS mark is valid, subsisting, and in full force
and effect.

13.

Rice has expended substantial time, effort, and money in promoting
his FUNKY MONKEYS brand, including, without limitation, through trade
shows, print and online media publications, and a variety of other avenues.

14.

Rice has built up substantial goodwill and brand awareness in his
FUNKY MONKEYS trademark.

15.

Rice's FUNKY MONKEYS trademark is associated in the minds of
the relevant universe of consumers with a single source, i.e., Rice d/b/a
Games To Remember.

16.

Beginning on or about September, 2012, Designed 2B Sweet Inc (hereinafter "Sweet") began manufacturing and selling a line of children's toys which it named "Funky Monkey". A true and correct copy of an image showing one of Sweet's Funky Monkey products is attached hereto as Exhibit "C".

17.

Sears Holdings Corporation (hereinafter "Sears") has sold Sweet's Funky Monkey products on its website, including, without limitation, on its website that targets consumers living in the State of Georgia and in this judicial district.

18.

Defendant has sold Funky Monkey products via the Internet and have made sales via the Internet to persons located and residing in the State of Georgia and in this judicial district.

19.

Defendant is not authorized to use Rice's FUNKY MONKEYS trademark.

20.

Defendant's use of the Funky Monkey mark has resulted in actual confusion in the marketplace of consumers.

## **Count One - Federal Trademark Infringement**

21.

Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 8 through 20 as if the same were fully set forth herein.

22.

Defendant has used and continue to use the name Funky Monkeys as a trademark in interstate commerce in connection with their sale, offering for sale, distribution or advertising of goods.

23.

Such use by Defendant is likely to cause confusion with Rice's federally registered FUNKY MONKEYS trademark, or to cause mistake, or to deceive as a result of: (a) the overall similarity of the marks as evidenced by similarity in sound and appearance; and (b) the use by Defendant of their Funky Monkeys trademark in connection with goods that are either competitive with or similar to Rice's FUNKY MONKEYS-branded games.

24.

Defendants' acts, as set forth above, constitute infringement of a federally registered mark in violation of 15 U.S.C. 1114(1).

25.

Rice is entitled to and hereby seeks a permanent injunction prohibiting Defendant from using the Funky Monkey mark, or any other term that is confusingly similar to Rice's federally registered FUNKY MONKEYS mark, in conjunction with the sale, offering for sale, distribution, or advertising of games and toys for children.

26.

Rice is also entitled to and hereby seeks an accounting for profits derived from the Defendants' infringing sales of Funky Monkey products.

## **Count Two - Federal Unfair Competition**

27.

Rice re-alleges and incorporates by reference the allegations contained in paragraphs 8 through 20 as if the same were fully set forth herein.

28.

Defendant's unauthorized use of the Funky Monkeys mark constitutes unfair competition, false designation of origin, and false description in violation of 15 U.S.C. 1125(a), Section 43(a) of the Lanham Act.

29.

As a result of Defendant's conduct set forth above, Rice is entitled, pursuant to 15 U.S.C. 1116-1117, to a judgment for : (1) Defendants' profits; (2) damages sustained by Rice; (3) such sum as the Court deems just; (4) Rice's attorney fees; (5) Rice's costs of this action; and (6) interest.

## Count Three - Georgia Common law Unfair Competition

30.

Rice re-alleges and incorporates by reference the allegations contained in paragraphs 8 through 20 as if the same were fully set forth herein.

31.

Rice's FUNKY MONKEYS trademark is inherently distinctive, has been used in commerce by Rice as a trademark, and is entitled to protection under the common law of the State of Georgia.

32.

Defendant has engaged in unfair competition under the common law of the State of Georgia by promoting, advertising, and offering products for sale using the Funky Monkeys name, which is likely to cause, and actually has caused, consumer confusion with Rice's FUNKY MONKEYS trademark.

33.

Defendant's conduct, as described hereinabove, also constitutes unfair competition under the common law of the State of Georgia because it creates the false impression that the at-issue products sold by Defendant is associated with or approved by Rice.

## Count Four - Unfair and Deceptive Trade Practices (O.C.G.A. 10-1-370)

34.

Rice re-alleges and incorporates by reference the allegations contained in paragraphs 8 through 20 as if the same were fully set forth herein.

35.

Defendant has engaged in unfair and deceptive trade practices by promoting, advertising, and offering for sale goods using the Funky

-Page 10-

Monkeys name, which infringes on the FUNKY MONKEYS trademark.

36.

Defendant has made and continue to make material

misrepresentations of fact because, among other things, Defendant is not

associated with Rice and are not authorized to use the FUNKY MONKEYS

trademark or any confusingly similar variant or colorable imitation thereof.

38.

Defendant's misrepresentations have deceived or have the capacity to

deceive or mislead consumers, including consumers in the State of Georgia.

39.

Defendant intended that their misrepresentations would induce third

parties to rely and act upon them by purchasing the infringing Funky

Monkeys products.

40.

Defendant's misrepresentations constitute unfair and deceptive trade

practices in violation of O.C.G.A. 10-1-370 et seq.

41.

As a redirect and proximate result of Defendant's conduct, Rice has

suffered, and continues to suffer damages.

-Page 11-

WHEREFORE, Rice seeks the following relief:

(a)    That Defendant, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, be permanently enjoined and restrained:

(i)    from using any of Rice's trademarks or service marks, including but not limited to the FUNKY MONKEYS mark, or any simulation, copy, colorable imitation, or confusingly similar variation of the FUNKY MONKEYS mark on or in connection with advertisement, promotion, offering for sale, sale or distribution of goods or services;

(ii)    from otherwise infringing upon Rice's rights in and to his FUNKY MONKEYS trademark and from otherwise unfairly competing with Rice in any manner; and

(iii)    from assisting, aiding, or abetting any other person or business entity from engaging in or performing any of the activities referenced above.

(b)    That Plaintiff Rice have trial by jury and judgment against Defendant on all counts of this Complaint and that the Court order an accounting and award of Defendants' profits to Plaintiff Rice;

(c)     That Plaintiff Rice be awarded his attorney fees and all costs of this

action;

(d)     That Plaintiff Rice be awarded interest at the maximum legal rate; and

(e)     Such other relief as the Court deems just and proper.


DATED:     October 26, 2012

Mark Rice, Pro Se
Plaintiff
114 Rockingham Way
Mailing Unit 5786
Ellijay, Georgia  30540
770-844-5678
Mrice@games2remember.com

## **COMPLIANCE CERTIFICATE PURSUANT TO LR 7.1**

Pursuant to LR 7.1D, this is to certify that the foregoing

PLAINTIFF'S COMPLAINT FOR INJUNCTION AND FOR AN

ACCOUNTING FOR PROFITS  complies with the font and point selections

approved by the Court in LR 5.1C. Undersigned further certifies that this

document was prepared using Times New Roman font, 14 point.

This 26th day of October, 2012.

Mark Rice, Pro Se
d/b/a Games To Remember
114 Rockingham Way
Unit #5786
Ellijay, Georgia  30540
(770) 844-5678

# EXHIBIT  A



# EXHIBIT  B



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Oct 25 05 03.18 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | SEARCH OG | BOTTOM | HELP | | CURR LIST | |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | | | |

⌈ Logout ⌉ Please logout when you are done to release system resources allocated for you.

⌈ Start | List At: ⌉   OR ⌈ Jump ⌉ to record:   **Record 37 out of 48**

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | FUNKY MONKEYS |
| **Goods and Services** | IC 028. US 022 023 038 050. G & S: BOARD GAME. FIRST USE: 19980901  FIRST USE IN COMMERCE: 19980901 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75596703 |
| **Filing Date** | November 27, 1998 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | July 27, 1999 |
| **Registration Number** | 2534485 |
| **Registration Date** | January 29, 2002 |
| **Owner** | (REGISTRANT) **RICE, MARK** INDIVIDUAL UNITED STATES 785 OLDE CLUBS DRIVE ALPHARETTA GEORGIA 30022 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 8 (6-YR). SECTION 8(10-YR) 20111007 |
| **Renewal** | 1ST RENEWAL 20111007 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | SEARCH OG | Top | HELP | | CURR LIST | |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | | | |

|.HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT  C

